RECEIVED
USDC CLERK, CHARLESTON, SC

2005 SEP -1  A 9: 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Russell Sidney Jackson, #291007,   )   C. A. No. 2:05-01267-MBS-RSC
                                   )
            Plaintiff,             )
                                   )
        -versus-                   )   **REPORT AND RECOMMENDATION**
                                   )
Allendale County Detention Center; )
Jasper White, Jail Administrator of)
Allendale County Detention Center; )
Charles Tuttle, Lieutenant at      )
Allendale County Detention Center; )
McGill McClain, Sergeant at        )
Allendale County Detention Center, )
and Dennis Robinson, Officer at    )
Allendale County Detention Center, )
                                   )
            Defendants.            )

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by a state prisoner proceeding _pro se_ and _in forma pauperis_, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgement.  28 U.S.C. § 636(b).

---

[1]Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

On May 4, 2005, the plaintiff, Russell Sidney Jackson, sued Jasper White, Jail Administrator of Allendale County Detention Center (ACDC), Charles Tuttle, Lieutenant at ACDC, Dennis Robinson, Officer at ACDC, McGill McClain, Sergeant at ACDC, and Allendale County. Jackson complained that the defendants refused him adequate nutrition, held him in administrative segregation, did not perform required medical screening, did not assist him in preparing legal documents, did not afford him access to a law library, denied him assistance from other inmates in preparing legal documents, failed to deliver his mail timely, denied him access to personal grooming items, and failed to comply with state mandated grievance procedures, all allegedly in violation of rights guaranteed by the Constitution.[2] Jackson seeks three million dollars in damages and equitable relief including a prayer that the court bring criminal charges against the defendants.

On June 23, 2005, the defendants filed a motion for summary judgment along with the affidavits of Jasper White and Charles Tuttle and various exhibits, the basis of which motion was the plaintiff's failure to exhaust his administrative remedies. On June 29, 2005, Jackson was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal

---

[2] Various of these claims overlap or are duplicitous of claims brought by Jackson in a separate action filed the same day against the same defendants save Tuttle. See, 05-cv-1266-MBS-RSC.

2

and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On July 1, 2005, Jackson filed an opposition to the defendants' motion with various exhibits. Hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## THE PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also, Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a)

4

is now mandatory."). Justice Ginsberg, writing for a unanimous Court in Porter, explained the impact of the amendments to the PRLA as follows:

> All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all actions brought with respect to prison conditions, whether under § 1983 or any other federal law.

In Porter, the Supreme Court emphasized that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532.

## DISCUSSION

Here, Jackson is suing over "prison conditions" within the meaning of the PLRA and therefore exhaustion of administrative remedies is a prerequisite to filing suit.

The defendants assert that Jackson has not exhausted administrative remedies and seek dismissal on that basis. The sworn affidavit of Jasper White and Charles Tuttle indicate that, based upon their personal knowledge, the plaintiff had a grievance procedure available to him and that he failed to use it. The affiants attached to their affidavits pertinent portions

5

of the ACDC's handbook explaining the grievance system as well as copies of grievance forms to be completed to begin the grievance process.

In response Jackson argued that the attachments must be counterfeit. He offered no admissible evidence whatsoever in support of his baseless speculation. As a result of Jackson's failure, there exists no genuine material issue of fact remaining for a fact finder to determine and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Lastly, if the court accepts this report and recommendation, it is further recommended that the court find this matter is frivolous, malicious, or fails to state a claim upon which relief can be granted, and direct the clerk to denominate this action as a "Strike" under the PLRA pursuant to 28 U.S.C. § 1915(g).

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motions be granted, the action be dismissed without prejudice, and that this action be deemed a "Strike".

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 1, 2005

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
