IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Sidney Jackson #291007,      )<br>                                                            )<br>                    Plaintiff,     )<br>                                                            )<br>    vs.                                                 )<br>                                                            )<br>Allendale County Detention Center;     )<br>Jasper White, Jail Administrator of      )<br>Allendale County Detention Center; Charles )<br>Tuttle, Lieutenant at Allendale County   )<br>Detention Center; McGill McClain,       )<br>Sergeant at Allendale County Detention  )<br>Center, and Dennis Robinson, Officer at   )<br>Allendale County Detention Center,       )<br>                                                            )<br>                    Defendants.     )<br>_____)   | C/A No. 2:05-1267-MBS<br><br><br><br><br><br><br><br>**OPINION AND ORDER** |

At the time of the underlying complaint, Plaintiff Russell Sidney Jackson was a pretrial detainee at the Allendale County Detention Center. Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights in various respects.

Defendants filed a motion to dismiss on June 20, 2005, asserting that the case should be dismissed because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Defendants amended their motion to dismiss on June 23, 2005. By order filed June 29, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed responses on July 1 and July 15, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on September 1, 2005 in which he recommended that

Defendants' motion to dismiss be granted and that the case be deemed a "strike" for purposes of 28 U.S.C. § 1915(g). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Defendants' motion to dismiss is **granted** and the case is dismissed without prejudice to allow Plaintiff to exhaust his administrative remedies. The court declines to deem the action a "strike" for purposes of § 1915(g).

**IT IS SO ORDERED**.

/s/  Margaret B. Seymour
United States District Judge

October 7, 2005

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure**